ROEDER, PEABODY & CO. *vs.* SAMUEL BROWN.

Matters of defense must be stated, specially.

Due diligence must be shown to entitle a party to a continuance.

The judgment upon a note, payable on demand, with interest at three per cent. per month, cannot bear a higher than the legal rate of six per cent.

ERROR to the Third Judicial District.

Opinion by STRONG, Associate Justice.

In this cause the defendant in error, who is plaintiff in the Court below, brought his action for the recovery of the sum of four hundred and twenty-one dollars and twenty cents, upon a promissory note, made by the plaintiffs in error, defendants below. The note is as follows:

"For value received, we promise to pay to Samuel Brown, or bearer, the sum of one hundred and sixty dollars on demand, with interest at three per cent. per month.

ROEDER, PEABODY & CO.

Whatcom, Feb. 25, 1854."

Upon which, judgment was rendered against said defendants, to reverse which, this writ of error is prosecuted.

The first error assigned is, that the Court erred in ordering the third count of the defendants' answer, as amended, to be further amended or disregarded. That count is as follows:

"And for answer to the fourth and fifth counts of said complaint, and by way of set-off and counter claim, defendants say that during the winter of 1854, plaintiff became indebted to these defendants in the sum of two hundred dollars for services rendered, and in the further sum of one hundred dollars for cash advanced at different times during said period, all at the special instance and request of said plaintiff; that said liabilities existed at the time when the note, upon which this action was brought, was executed; that said note was executed upon final settlement between the parties, by R. V. Peabody, who was not at the time aware of the items of the account above stated; that

said items of two hundred, and one hundred dollars were not charged in said settlement, but for the reasons above stated, were wholly omitted."

To this count in the defendants' answer, the plaintiff demurred, on the ground that it was not sufficiently specific.

The Court, by the following order, sustained, substantially, the demurrer, to-wit:

" The Court ordered the defendants to amend the third count in their answer, by making it more definite and specific, and on failure so to amend, that said count should be disregarded."

The defendants declining to amend, the order to disregard became absolute, and the defendants excepted.

Our statute requires that the pleadings shall contain a plain and concise statement of the facts constituting the cause of action, and this applies as well to the defendant as to the plaintiff, where new matter is set up by way of defense or set-off.

The count in the defendants' answer in question, does not, in our judgment, come up to the required standard. It does not state the fact that the defendants rendered the services and advanced the money, but it states as a conclusion of law, that the defendant became indebted by reason of such services and advances. It does not state specifically that the services were rendered or the money advanced to the defendant, but that they were rendered and advanced at his instance and request. It is as indefinite as the common counts for work and labor, and does not inform the plaintiff of what he is to answer. We think, therefore, that the demurrer was properly sustained.

The second error assigned is, that the Court erred in overruling the motion for continuance.

We do not think the case shows that proper diligence had been used by defendants to procure their testimony, and are, therefore, of the opinion that no error was committed in overruling the motion.

The third and last assignment is, that the Court overruled

the motion for a new trial, on the ground stated in the motion. The principal ground stated in the motion for a new trial is the action of the Court upon the demurrer, which has already been disposed of. There is one point on which we think the judgment of the Court below must be modified. This point was not made below, but it is patent upon the record, and must be passed upon. The case was, by consent of parties, submitted to the Court, and in the statement of facts accompanying the decision, it appears that the note was executed on the 25th day of February, 1854. Now, at that time, the legal rate of interest in the Territory was six per cent. per annum, and no more than that rate could be legally enforced, whatever might be the agreement of the parties. Upon this judgment, interest has been allowed at the rate of three per cent. per month. We direct that this be corrected, and that the plaintiff below take his judgment for the sum of one hundred and ninety-six dollars and thirty-two cents, and sixty-seven dollars and thirty-four cents, costs of suit.